IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIVEK KUMAR AGRAWAL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services, in his official capacity,<br><br>Defendants. | **4:26CV3130**<br><br>**ORDER** |

This matter is before the Court on defendants United States Citizenship and Immigration Services and Joseph B. Edlow's (together, the "government") Motion to Dismiss for Improper Venue, or alternatively, to Transfer (Filing No. 12) this case to the Northern District of California where plaintiff Vivek Kumar Agrawal ("Agrawal") resides. *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §§ 1404(a), 1406(a). In the government's view, this case should be dismissed or transferred because "no substantial part of the events giving rise to" Agrawal's claims for relief (Filing No. 9) occurred in Nebraska. *See* 28 U.S.C. § 1391(e)(1)(B). Agrawal opposes both dismissal and transfer (Filing No. 14) and requests limited discovery to support his choice of venue.

On October 1, 2026, the magistrate judge[1] issued a Findings and Recommendation (Filing No. 17), *see* 28 U.S.C. § 636(b)(1)(B) (empowering district courts to refer dispositive motions to a magistrate judge for initial review), recommending that the Court grant the government's motion and transfer this case to the Northern District of California pursuant to § 1406(a), which authorizes transferring a case "to any district . . . in which it

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

could have been brought" if it is "in the interest of justice." The magistrate reasoned that venue was not proper in this district "under any of the three subsections of 28 U.S.C. § 1391(e)(1)." In reaching that decision, the magistrate judge found that most of the events giving rise to Agrawal's claims occurred in Texas and that there was not enough of a question about what occurred in Nebraska to warrant venue discovery. *See* Fed. R. Civ. P. 1. Given the circumstances of this case, the magistrate judge determined transfer was preferable to dismissal.

Neither party has objected to the magistrate judge's findings and recommendation within the time permitted. *See* 28 U.S.C. § 636(b)(1) (allowing fourteen days to object and requiring de novo review of any specific objections); *accord* Fed. R. Civ. P. 72(b)(2)-(3). Absent objection, further review is unnecessary. *See Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) ("[T]he failure to file objections eliminates not only the need for de novo review, but *any* review by the district court."). Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation (Filing No. 17) is accepted. Any objections are deemed waived.
2. Defendants United States Citizenship and Immigration Services and Joseph B. Edlow's Motion to Dismiss for Improper Venue, or alternatively, to Transfer (Filing No. 12) is granted in part and denied in part.
3. The request to transfer venue pursuant to 28 U.S.C. § 1406(a) to the district where plaintiff Vivek Kumar Agrawal resides is granted.
4. The motion is denied in all other respects.
5. The Clerk of Court shall transfer this case to the United States District Court for the Northern District of California.

Dated this 22nd day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge